UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ALLAN GROVES, AS TRUSTEE FOR THE 1435 CRESCENT OAK TRUST** | § § § | |
| *Plaintiff,* | § § | |
| **v.** | § § | |
| **U.S. BANK, N.A., AS TRUSTEE ON BEHALF OF THE HOLDERS OF THE J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-WMC4 ASSET BACKED PASS-THROUGH CERTIFICATES SERIES 2006-WMC4; AND SELECT PORTFOLIO SERVICING, INC.** | § § § § § § § § § | **CIVIL ACTION NO. 4:22-cv-00086** |
| *Defendants.* | § | |

## PLAINTIFF'S MOTION TO REMAND

COMES NOW, Plaintiff, Allan Groves, as Trustee for the 1435 Crescent Oak Trust ("Groves") and files this Motion to Remand this case back to the 434th District Court of Fort Bend County, Texas, and would respectfully show the Court as follows:

### I.  Nature and Stage of the Proceeding

1.      Groves filed his original state court petition in Fort Bend County on December 28, 2021 alleging violations of Texas statutory law governing non-judicial foreclosure.  Two defendants removed this case on January 10, 2022: U.S. Bank, N.A. as Trustee on behalf of the Holders of the J.P. Morgan Mortgage Acquisition Trust 2006-WMC4 Asset Backed Pass-Through Certificates Series 2006-WMC4 (the "**2006-WMC4 Trust**") and Select Portfolio Servicing, Inc. ("**SPS**") (collectively the "**Removing Parties**").  Dkt. No. 1.

2.      This motion will show that the Removing Parties' jurisdictional facts are not adequately

alleged as to the 2006-WMC4 Trust.

## II.  Issues Presented

I. Did the removing parties properly allege facts to support the 2006-WMC4 Trust's citizenship?
          Answer: No

## III. Argument and Authorities

A.      **The Removing Parties Fail to Allege Sufficient Facts to Support the Citizenship of the
        2006-WMC4 Trust**

        1.      **Diversity Jurisdiction Generally**

3.      "Federal courts are courts of limited jurisdiction."[1]   Federal courts have subject matter

jurisdiction and are authorized to entertain causes of action only where a question of federal law

is involved or where there is diversity of citizenship between the parties and the amount in

controversy exceeds $75,000.00.[2]

4.      In a removed action, a district court is required to remand a case to state court if, at any

time before final judgment, it determines that it lacks subject matter jurisdiction.[3]  The removing

party bears the burden of showing that federal jurisdiction exists and that removal was proper.[4]

The existence of federal subject matter jurisdiction is determined at the time of removal from state

---

[1] *Peoples Nat'l Bank v. Office of Comptroller of the Currency of United* States, 362 F.3d 333, 336 (5th Cir.
2004); *accord Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2003), *cert. denied*, 534 U.S. 993,
122 S.Ct. 459, 151 L.Ed.2d 377 (2001).
[2] *See* 28 U.S.C. §§ 1331, 1332; *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, ----, 124 S.Ct.
1920, 1923 n. 1, 158 L.Ed.2d 866 (2004); *Howery*, 243 F.3d at 914-15; *Hart v. Bayer Corp.*, 199 F.3d 239,
246 (5th Cir. 2000).
[3] 28 U.S.C. § 1447(c).
[4] *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002*); Howery*, 243 F.3d
at 919; *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.), *cert. denied*, 516 U.S. 865, 116 S.Ct. 180,
133 L.Ed.2d 119 (1995).

court.[5]   Any ambiguities are construed against removal because the removal statute is strictly construed in favor of remand.[6]

### 2.    The Need to Allege and Establish the Citizenship of all Defendants

5.    If removal is based on diversity jurisdiction, the notice of removal must state facts asserting citizenship of the parties.  *Booty v. Shoney's, Inc.* 872 F.Supp 1524, 1528 (E.D.La. 1995); *see also Dart Cherokee Basin Oper. Co. v. Owens*, 574 U.S. 81, 83-84, 135 S.Ct. 547, 551 (2014).  If the defendant did not establish the citizenship of the parties at the time of removal, the plaintiff may file a motion to remand arguing jurisdiction has not been established.  *See Doe #1 v. Blair*, 819 F.3d 64, 67-68 (4th Cir. 2016); *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012).  "District courts have no power to overlook procedural errors relating to the notice of removal; instead, a district court must remand a case which was removed pursuant to a procedurally defective notice." *Spoon v. Fannin Cty. Cmty. Supervision and Corr. Dep't*, 794 F.Supp.2d 703, 705-06 (E.D. Tex. 2011) (quoting *Harden v. Field Mem. Cmty. Hosp.*, 516 F.Supp.2d 600, 606 (S.D. Miss. 2007)).

### 3.    The Removing Parties Fail to Allege Necessary Facts to Support the 2006-WMC4 Trust's Citizenship

6.    In the notice of removal, the removing parties do not properly allege the 2006-WMC4 Trust's citizenship. The removing parties allege the 2006-WMC4 Trust is a citizen of Ohio.  Dkt. No. 1 at 3.  The removing parties rely on the citizenship of the 2006-WMC4 Trust's trustee, U.S. Bank, N.A., without elaboration on the nature of the 2006-WMC4 Trust.  *Id.*

7.    The test for determining the citizenship of a trust depends on whether or not the trust is a business trust or traditional trust.  *See Americold Realty Tr. v. Conagra Foods, Inc.*, ----U.S. ----,

---

[5] *See Bissonnet Invs. LLC v. Quinlan*, 320 F.3d 520, 525 (5th Cir. 2003) *(citing Arnold v. Garlock*, 278 F.3d 426, 434 (5th Cir. 2001)).
[6] *See Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir.2002); *Manguno*, 276 F.3d at 723.

136 S. Ct. 1012, 1015 (2016).  A business trust is a form of business organization that is similar to a corporation that is created for profit and is managed by compensated trustees for the benefit of those who hold transferable interests.  *See id*.  A traditional trust is an entity commonly used for gift and estate planning purposes that involves a fiduciary relationship between multiple people. *Id*.

8.     When a trustee is sued it its own name, the only preliminary question to be answered is whether the party is an "active trustee[ ] whose control over the assets held in [its] name[ ] is real and substantial." *Carden v. Arkoma Assocs.*, 494 U.S. 185, 191 (1990); *Bynane v. Bank of New York Mellon for CWMBS Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 357 (5th Cir. 2017).  If the answer is in the affirmative, the citizenship of the trustee controls, and if the answer is in the negative, the citizenship of the shareholders controls.  *Id*.

9.     A trustee's control is 'real and substantial' when [it] possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464 (1980); *see also Justice v. Wells Fargo Bank, N.A.*, 674 F. App'x 330, 332 (5th Cir. 2016).  Generally, "[i]f the trustee ha[s] exclusive authority over the property (*i.e.*, the declaration of the trust 'authorizes the trustees to take legal title to trust assets, to invest those assets for the benefit of the shareholders, and to sue and be sued in their capacity as trustees'), ... court[s] will look to the citizenship of the trustee alone to determine jurisdiction." *Ouzenne v. Deutsche Bank Nat'l Tr. Co. for Soundview Home Loan Tr. 2006-3, Asset-Backed Certificates, Series 2006-3*, No. H-16-CV-2563, 2017 WL 1437297, at *2 (S.D. Tex. 2017).

10.    The Removing Parties fail to allege any specific facts to support their apparent presumption that the 2006-WMC4 Trust is a traditional trust that takes the citizenship of its trustee.  Specifically, the Removing Parties fail to allege any facts to answer the "preliminary question" of whether the

trustee is an "active trustee[ ] whose control over the assets held in [its] name[ ] is real and substantial." *Carden*, 494 U.S. at 191; *Bynane*, 866 F.3d at 357.[7] The removing parties skip this necessary step in the citizenship analysis and simply assert without supporting factual allegations that the 2006-WMC4 Trust takes the citizenship of its trustee.  When a removing party fails to allege facts sufficient to find that a trustee has real and substantial control over trust assets, remand is appropriate.  *See Swoboda v. Ocwen Loan Servicing, LLC*, No. 4:13-cv-02986 [Dkt. No. 138], at *8 (S.D.Tex. 2016) (Granting remand where the "parties make no attempt to classify [the trust] as a 'traditional trust'").

## IV. Conclusion and Request for Relief

11.     It was the Removing Parties' burden to state necessary facts asserting citizenship of all parties.  *Booty*, 872 F.Supp at 1528; *Owens*, 574 U.S. at 83-84.  Since the Removing Parties did not establish the citizenship of the 2006-WMC4 Trust in the notice of removal, jurisdiction has not been established.  *See Blair*, 819 F.3d at 67-68; *Heinen*, 671 F.3d at 670.  Plaintiff respectfully requests the court remand the case to the 434th District Court of Fort Bend County, Texas.

Respectfully submitted,

JEFFREY JACKSON & ASSOCIATES, PLLC

*/s/     Jeffrey C. Jackson*
**JEFFREY C. JACKSON**
Texas State Bar No. 24065485
SDTX No. 1024221
2500 E. TC Jester Blvd., Suite 285
Houston, Texas 77008
713-861-8833 (T)
713-682-8866 (F)
jeff@jjacksonllp.com

---

[7] For instance, the removing parties do specify what powers U.S. Bank, N.A. has to hold, manage, and dispose of assets for the benefit of others.  There are no allegations that U.S. Bank, N.A. has legal title to trust assets, the power to invest those assets for the benefit of the shareholders, or the right to sue and be sued in its capacity as trustee.

ATTORNEY FOR PLAINTIFF

## **CERTIFICATE OF CONFERENCE**

I certify that on February 8, 2022, counsel for Defendant indicated to me his client is opposed to remand of this case.

*/s/    Jeffrey C. Jackson*
**JEFFREY C. JACKSON**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record via Certified Mail, Return Receipt Requested, Facsimile and/or the Court's CM/ECF system on February 8, 2022.

**Michael F. Hord Jr.**
mhord@hirschwest.com
**Eric C. Mettenbrink**
emettenbrink@hirschwest.com
HIRSCH & WESTHEIMER, P.C.
1415 Louisiana Street, 36th Floor
Houston, Texas 77002
713-220-9182 (T)
713-223-9319 (F)

*Attorneys for Defendants U.S. Bank, N.A., as Trustee on behalf of the Holders of the J.P. Morgan Mortgage Acquisition Trust 2006-WMC4 Asset Backed Pass-Through Certificates Series 2006-WMC4 and Select Portfolio Servicing, Inc.*

*/s/   Jeffrey C. Jackson*
**JEFFREY C. JACKSON**